**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 03-50015-01

VERSUS                            CIVIL ACTION NO. 05-2169

DONALD RAY HOWARD                 JUDGE S. MAURICE HICKS, JR.

_____**MEMORANDUM RULING**

Before the Court is Donald Ray Howard's ("Howard") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  See Record Document 131.  Based on the following, Howard's motion is **DENIED**.

**I.      FACTUAL HISTORY.**

The events leading to Howard's arrest and indictment stretch over four months. In late 2002, law enforcement officers received information that Howard was involved in the distribution of cocaine in Shreveport, Louisiana.  Over the next four months, law enforcement gathered more information as to Howard's cocaine distribution activities in both North Louisiana and East Texas.  On February 6, 2003, with the cooperation of one of Howard's associates, law enforcement set up a controlled delivery of cocaine to Howard in the parking lot of a Walmart.  Howard became aware of the presence of law enforcement, tried to flee, and damaged police vehicles in the process.

**II.     PROCEDURAL HISTORY.**

Howard and three co-defendants were indicted by a federal grand jury on February 26, 2003.  The one count indictment charged Howard with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and 846.   See Record Document 20.   The indictment alleged that the conspiracy occurred between sometime in 2002 and continued through February 7, 2003. See id.  Pursuant to a plea agreement, Howard pled guilty to Count One of the indictment on May 22, 2003.  See Record Documents 72-75.  At the time of his guilty plea, Howard was represented by J. Ransdell Keene ("Keene").  See Record Document 72.  Keene subsequently filed a motion to withdraw Howard's guilty plea.  See Record Document 96. Prior to the hearing on the motion to withdraw the guilty plea, Franklyn Mickelsen ("Mickelsen") replaced Keene as counsel for Howard.  See Record Documents 103 & 105. A hearing on the motion to withdraw the guilty plea was held on October 22, 2003 and the Court orally denied the motion.  See Record Document 113.

Mickelsen represented Howard at the sentencing hearing, where Howard was sentenced to 420 months imprisonment.  See Record Document 116.  Howard appealed. See Record Document 117.  His conviction and sentence were affirmed by the United States Court of Appeals, Fifth Circuit Court and the Supreme Court denied his petition for writ of certiorari.  See Record Documents 126, 130.

Howard filed the instant Section 2255 motion on December 14, 2005.  See Record Document 131.  The Government answered on February 17, 2006.  See Record Document 133.  Howard responded on April 10, 2006.  See Record Document 136.

III.   **LAW AND ANALYSIS.**[1]

Howard makes three claims under Section 2255:   (1) inadequate counsel at

---

[1]The government argues that Howard's claims are not cognizable under Section 2255; notwithstanding, the Court will proceed to the merits of Howard's Section 2255 claims.

sentencing; (2) inadequate counsel on direct appeal; and (3) improper sentencing pursuant to United States v. Booker, 543 U.S.220, 125 S.Ct. 738 (2005). The Court will now examine each claim individually.

### A.    Ineffective Assistance of Counsel.

To prevail on a claim of ineffective assistance of counsel, Howard must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial.  See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong on the Strickland analysis, the Court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance."  Id. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Howard must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different."  Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  To satisfy the prejudice prong of the Strickland test in the context of a non-capital sentencing proceeding, Howard must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995).  If Howard fails to establish either prong of the Strickland test, then his

claim of ineffective assistance of counsel must fail.

Howard claims that his attorney was ineffective at sentencing for failing to challenge sentencing enhancements[2] on the grounds that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2002) was violated.  He further maintains that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) and Booker, 543 U.S.220, 125 S.Ct. 738, support such argument.  Specifically, Howard contends that he did not admit the facts supporting the sentencing enhancements at the time of the guilty plea and, thus, should not have been sentenced on the basis of those enhancements.  He argues that objecting to such enhancements would have preserved the Apprendi issue for appeal.

First, the Court finds that the sentencing transcript indicates that Keene, Howard's counsel at the time of the guilty plea, did file objections to the Presentence Investigation Report, specifically challenging the enhancements referenced above.  See Sentencing Transcript at 3.  Mickelson, counsel for Howard at the time of sentencing, adopted the objections at the sentencing hearing.  See id. at 2-3.

More importantly, the Court finds that defense counsel was not ineffective for failing to raise Apprendi at the sentencing hearing.  In Apprendi, the Supreme Court held that "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490, 120 S.Ct. at 2362-2363.  In Blakely and Booker, decided in 2004 and 2005, the Supreme Court extended the reasoning of Apprendi to

---

[2]The sentencing enhancements included the total amount of drugs, creating a substantial risk of serious bodily injury, and role in the offense as organizer or leader of a criminal activity with five or more participants.  See Presentence Investigation Report at ¶¶ 27, 29-30; Sentencing Transcript.

enhancements under state and federal sentencing guidelines.  See Blakely, 542 U.S. 296, 124 S.Ct. 2531 and Booker, 543 U.S.220, 125 S.Ct. 738.

Howard was sentenced on October 29, 2003.  See Record Document 115.  The reasonableness of an attorney's actions under Strickland is determined by examining the law and events at the time of the counsel's actions.  See Ogan v. Cockrell, 297 F.3d 349, 360 (5th Cir. 2002) ("The determination whether the performance of counsel was deficient is based upon the law as it existed at the time of trial.");  see also Lucas v. Johnson, 132 F.3d 1069, 1078-1079 ("Counsel is not required to anticipate subsequent developments in the law.").  At the time of Howard's sentencing, neither Blakely nor Booker had been decided.  Further, there was no reason for defense counsel to raise Apprendi in light of the Fifth Circuit's pronouncement that Apprendi only applied to cases in which the sentence exceeded the statutory maximum.  See U.S. v. Fort, 248 F.3d 475, 483 (5th Cir. 2001); U.S. v. Salazar-Flores, 238 F.3d 672, 673-674 (5th Cir. 2001); U.S. v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000); U.S. v. Keith, 230 F.3d 784, 787 (5th Cir. 2000).  Here, Howard was sentenced to 420 months, well below the statutory maximum of 40 years.  See Record Document 115; see also 21 U.S.C. § 841(b)(1).  Howard's sentence did not implicate Apprendi and an attorney cannot be ineffective for failing to raise a meritless claim.  See Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995); U.S. v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

Howard also alleges that his counsel was ineffective on appeal because he failed to raise Apprendi.  Counsel's appellate performance is also judged under the Strickland two-prong test.  See U.S. v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).  Again, Howard "must establish, first, that his attorney's representation was deficient and, second, that the

deficient performance caused him prejudice." Id.  The review of appellate counsel's performance is "deferential" and presumes that "counsel's conduct falls within the wide range of reasonable professional assistance." Id.  Further, counsel need not "raise every nonfrivolous ground of appeal available." Id.  The decision not to raise a certain issue on appeal is only "deficient" if the decision falls "below an objective standard of reasonableness." U.S. v. Phillips,  210 F.3d 345, 348 (5th Cir. 2000).  To meet this reasonableness standard, counsel must "research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." Id.  As discussed above, Howard would not have been entitled to relief under Apprendi at the time of his appeal because his sentence did not exceed the statutory maximum.  Howard's appellate counsel cannot be considered ineffective for failing to raise a meritless claim because such decision does not fall below an objective standard of reasonableness.

Howard's ineffective assistance of counsel claims are simply without merit, as he has failed to overcome the presumption that his attorney's actions at sentencing and/or his appellate counsel's actions during his direct appeal were encompassed within the wide range of reasonable competence and fell under the ambit of strategy.

### C.    Sentencing under Booker.

Howard also claims that the Court erred in "sentencing [him] under the Mandatory Sentencing framework in violation of United States v. Booker/FanFan (sic)."  Record Document 131 at 5.  He argues that he is "entitled to resentencing under the advisory system of Booker." Id. at 11.  However, the Fifth Circuit has held that Booker does not apply retroactively on collateral review to a Section 2255 motion. See In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005); U.S. v. Gentry, 432 F.3d 600, 604 (5th Cir. 2005).

Accordingly, Howard's <u>Booker</u> claim fails.

**IV.     Conclusion.**

Howard's allegation regarding ineffective assistance of counsel at sentencing, ineffective assistance of counsel on appeal, and resentencing under Booker are without merit.  Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 131) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of October, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE